[L. A. No. 9430. Department One.—July 14, 1928.]

HERSCHEL M. SMITH, Appellant, v. ROBERT W. SHERMAN et al., Respondents.

I. W. Bane for Appellant.

Fogel & Beman for Respondents.

PRESTON, J.—Appeal by plaintiff from judgment in favor of defendants. The complaint was in the usual form of a quiet title suit, but upon the filing of answer and cross-complaint by defendants it was amended to declare a trust in real property, and under such pleadings, upon request of the parties, the question of title to the property was tried. The appeal is utterly without merit and the various contentions of appellant scarcely warrant discussion. The claim which he asserts to the property in question is based upon a quitclaim deed made by him more than twenty years ago, conveying certain land owned by him as his separate estate to his wife, from sale of which she presumably acquired the funds to purchase later the home which is the subject of this action. His contention now is that said deed was made simply as a trust to convey and without intention of passing title. The arguments advanced by him present, in reality, but the sole query as to whether the findings and judgment are supported by the evidence. That they are amply supported is plain beyond the shadow of a doubt.

The court found that the property covered by the quitclaim deed was not conveyed to the wife in trust for the husband, but, on the contrary, found, according to direct evidence, that she did in fact buy it from him and that said transfer was made for a valuable consideration. The evidence shows that the wife and husband were living in strained relationship at the time. It also shows that she had a power of attorney which would have enabled her to convey the property. The form of the deed itself, in the light of the circumstances and presumption of law (sec. 164, Civ. Code), leaves little doubt that it was intended to vest all his title in the wife as her separate estate. The court also found that appellant was guilty of laches, and that his cause of action, if any he had, was barred by the statute of limitations. The truth of this finding, as to laches, at least, cannot be questioned in the face of the fact that appellant for twenty years after execution of said quitclaim deed failed to assert his claim and for fourteen years after

purchase of the home likewise asserted no claim whatsoever to it.

When the wife passed away she devised the home to her son, respondent Robert W. Sherman, and upon petition of appellant himself, as administrator with the will annexed of her estate, it was duly distributed by decree of distribution to said respondent, subject to homestead for life in appellant. Appellant attacks the finding that the various affidavits, testimony and petitions made by him as administrator in the probate proceedings, praying for distribution of said property to respondent, subject to the life homestead in himself, and the similar recognition made by him in the homestead proceedings that said home was the separate property of deceased, should estop him from asserting any other right, title or interest in or to said property and that the respective claims of the parties have already been adjudicated by said probate court.

It is not necessary to discuss the effect of the orders made in the probate and homestead proceedings as *res adjudicata,* on the matters determined thereby. The probate and homestead exhibits were properly admitted in evidence as proof of the fact that appellant had regarded the property as the separate estate of deceased and received the benefit of the law predicated upon that basis. But even were such admissions removed from our consideration we would find ample support for the claim of respondents. There is absolutely no indication that a trust was ever established or intended to be established in the wife, save and except an assertion to that effect made by the husband some twenty years later in contradiction of his own prior written statement, testimony and repeated acts to the contrary. The claim of appellant is entirely without merit.

Judgment affirmed.

Curtis, J., and Seawell, J., concurred.

Hearing in Bank denied.

All the Justices present concurred.